**Sulaiman Law Group, Ltd.**
Marwan R. Daher, Esq.
2500 S. Highland Ave., Ste. 200
Lombard, Illinois 60148
Phone: 630-575-8181
Fax: 630-575-8188
Email: mdaher@sulaimanlaw.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer C. West,<br><br>Plaintiff,<br><br>v.<br><br>ProCollect, Inc. and Experian Information Solutions, Inc.,<br><br>Defendants. | Case No. |

## COMPLAINT

**NOW COMES** JENNIFER C. WEST ("Plaintiff"), by and through her undersigned counsel, complaining of Defendants ProCollect, Inc. and Experian Information Solutions, Inc. (collectively, "Defendants"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because all of the events or omissions giving rise to the claims occurred within this judicial district.

**PARTIES**

4.  Plaintiff is a natural person over 18-years-of-age that resides in Phoenix, Arizona.

5.  Defendant ProCollect, Inc. ("ProCollect") is a debt collection corporation with its headquarters located at 12170 Abrams Road, Suite 100, Dallas, Texas 75243.

6.  Defendant Experian Information Solutions, Inc. ("Experian") is a prominent credit reporting agency. Experian maintains its principal place of business in Costa Mesa, California.

**FACTUAL ALLEGATIONS**

7.  At some point in 2021, an unknown offender stole Plaintiff's identity.

8.  The unknown offender used Plaintiff's identity to apply for several apartments in Texas.

9.  In August 2021, Plaintiff, while in the process of reviewing her credit reports, accessed her Equifax, TransUnion, and Experian credit files and discovered false and derogatory accounts and inquiries that she never authorized and did not belong to her.

10. Specifically, Plaintiff noticed unauthorized credit inquiries from Syncb/At Home DC, Saferent Solutions LLC, and Rentgrow.

11. Moreover, Plaintiff's credit reports were reporting that Plaintiff has two outstanding collection accounts with ProCollect: one for Folio West Apartment Houston, TX ("Folio"), and one for The Augusta Apartments ("Augusta") (collectively, "ProCollect Accounts").

12. Each ProCollect account was reporting a derogatory balance, in collections despite Plaintiff never having a business relationship with ProCollect or any of its predecessors.

13. At that time, Plaintiff froze her credit reports so that no further unauthorized credit inquiries could take place.

14. The ProCollect Accounts were reporting inaccurate and materially misleading information on Plaintiff's Experian credit reports and were significantly harming Plaintiff's credit score and creditworthiness.

15. At no point in time did Plaintiff live in Texas or apply for apartments in Texas.

**Plaintiff's First Dispute to Experian and ProCollect**

16. Concerned with the unusual activity and inaccurate information on her credit reports, Plaintiff took immediate action to remove the foreign information and accounts from her Experian credit report.[1]

17. Specifically, on January 31, 2022, Plaintiff disputed the ProCollect Accounts online with Experian.

18. Upon information and belief, Experian transmitted Plaintiff's disputes to ProCollect within five days of Experian's receipt of Plaintiff's dispute. *See* 15 U.S.C. §1681i(a)(2).

19. Further, on February 16, 2022, Plaintiff placed a phone call to ProCollect and disputed the ProCollect Accounts over the phone.

20. At that time, Plaintiff advised ProCollect that the ProCollect Accounts were due to an identity theft and did not belong to her.

21. On February 16, 2022, Plaintiff sent ProCollect an identity theft dispute and attached a copy of her government-issued identification.

22. On February 17, 2022, Experian responded to Plaintiff's dispute of the ProCollect Accounts, verifying the accounts as accurate, and advising Plaintiff that ProCollect indicates the debts are due in full.

---

[1] Equifax and Transunion removed all derogatory and false information from Plaintiff's Equifax and Transunion credit files during Plaintiff's dispute process.

23. Accordingly, the ProCollect Accounts continued to report derogatorily on Plaintiff's Experian credit report.

24. Moreover, in response to Plaintiff's disputes, Experian declined to block the disputed accounts and continued to report the same on Plaintiff's credit report.

**Plaintiff's Second Dispute to Experian and ProCollect**

25. On February 17, 2022, Plaintiff again disputed the ProCollect Accounts with Experian.

26. Upon information and belief, Experian transmitted Plaintiff's disputes to ProCollect within five days of Experian's receipt of Plaintiff's dispute. *See* 15 U.S.C. §1681i(a)(2).

27. On February 22, 2022, Plaintiff filed an Identity Theft Report with the Federal Trade Commission ("FTC") averring, *inter alia,* that she was a victim of identity theft and that (1) the ProCollect Accounts were incurred without her authorization and (2) there were unauthorized credit inquiries on her credit reports.

28. Also on February 22, 2022, Plaintiff sent ProCollect a second identity theft dispute and this time attached her FTC ID Theft Report.

29. On February 23, 2022, Plaintiff placed a call to ProCollect inquiring as to the status of her disputes and was informed that she needed to send all inquiries in writing, through email.

30. That same day, in response to this request, Plaintiff sent an email to ProCollect attaching all of the documents that she had previously sent.

31. Between February 23, 2022, and February 26, 2022, Plaintiff sent several emails to ProCollect checking on the status of her dispute.

**Dispute Responses**

32. On February 23, 2022, ProCollect mailed a letter to Plaintiff regarding the ProCollect Accounts, stating that the debts are true and valid debts.

33. Included with this letter were validations of the ProCollect Accounts, including lease applications for both apartments.

34. Noticeable on these applications is that both: (1) have a move-in date of January 11, 2021, at an address that is different than Plaintiff's; (2) include a South Carolina driver's license that is different from Plaintiff's; (3) have the *same* social security number as Plaintiff; (4) list an address in South Carolina that is not Plaintiff's; (5) list an employer that is not Plaintiff's and with whom Plaintiff has never been employed; and (6) are completed from an IP address that does not belong to Plaintiff.

35. On February 23, 2022, ProCollect sent Plaintiff a cancellation letter for the Augusta account, stating that Plaintiff was not responsible for the Augusta account.

36. Noticeably, this letter was sent on the same date as the letter verifying both of the ProCollect Accounts.

37. Further, the Augusta account was removed from Plaintiff's Experian credit report.

38. On February 24, 2022, prior to receiving the letter from ProCollect cancelling the Augusta account, Plaintiff filed a complaint with the Consumer Financial Protection Bureau ("CFPB") alleging ProCollect's attempts to collect a debt now owed.

39. Unfortunately, Experian did not remove the Folio account from Plaintiff's credit report and continues to report the disputed Folio account as belonging to Plaintiff.

## **DAMAGES**

40. Plaintiff has worked hard to build and maintain a good credit history.

41. With the exception of the Folio account, Plaintiff does not have any other derogatory accounts on her Experian credit report.

42. The inaccurate reporting of the fraudulent accounts has devastated Plaintiff's credit score, which is currently in the low 600s due to Defendants' inaccurate reporting of the ProCollect accounts.

43. The inaccurate reporting of the fraudulent accounts has damaged Plaintiff's creditworthiness because it creates the false impression that Plaintiff is in default on the fraudulent accounts, thus rendering Plaintiff a high-risk consumer and impeding her ability to obtain credit.

44. Defendants' reckless inaccurate reporting of the fraudulent accounts has frustrated Plaintiff's ability to control her credit score and her ability to benefit from the credit history she has built over the years.

45. As a result of Defendants' conduct, Plaintiff has suffered significant damages, including: the loss of credit opportunity, increased cost of credit, humiliation, loss of time disputing the inaccurate reporting, time expended monitoring her credit files and sending credit disputes, mental anguish, emotional distress, lack of sleep, and anxiety.

46. Moreover, Defendants' conduct has resulted in monetary damages including the costs of mailing disputes, purchasing credit reports, and subscribing to credit monitoring services.

47. Plaintiff did not file the instant complaint as knee-jerk reaction to a perceived harm; rather, Plaintiff's financial health has been devastated as a result of Defendants' collective reckless conduct.

48. Plaintiff has literally exhausted all efforts short of judicial action to compel Defendants to remove the fraudulent Folio account from her Experian credit report.

49. Due to Defendants' repeated refusal to remove the fraudulent Folio account from Plaintiff's Experian credit report, Plaintiff was forced to initiate the instant action to compel the same.

**COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**(Against ProCollect, Inc.)**

50. Plaintiff restates and realleges all preceding paragraphs as though fully set forth herein.

51. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

52. Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

53. ProCollect is a "furnisher of information" as defined by 15 U.S.C. §1681s-2.

54. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

55. ProCollect violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct a reasonable investigation into each of Plaintiff's disputes relating to the ProCollect Accounts that were fraudulently opened in Plaintiff's name.

56. ProCollect violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Experian pursuant to 15 U.S.C. §1681i(a)(2).

57. Had ProCollect reviewed the information provided by Plaintiff and Experian, it would have discovered that Plaintiff was a victim of identity theft and that she did not apply for the apartments which led to the ProCollect Accounts that it was reporting on Plaintiff's Experian credit report. Instead, ProCollect repeatedly confirmed the accuracy of its inaccurate reporting of the Folio account without conducting a reasonable investigation into any of Plaintiff's disputes.

58. ProCollect violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report to Experian complete results of its investigations of Plaintiff's disputes.

59. ProCollect violated 15 U.S.C. §1681s-2(b)(1)(D) by failing to report the results of its investigations into Plaintiff's disputes to Experian.

60. ProCollect violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information it was reporting to Experian pertaining to the Folio account that was fraudulently opened in Plaintiff's name.

61. ProCollect violated 15 U.S.C. §1681s-2(a)(6)(B) by failing to maintain reasonable procedures to respond to identity theft disputes in a manner that prevents Experian from refurnishing the disputed information.

62. ProCollect violated 15 U.S.C. §1681s-2(a)(6)(B) by continuing to furnish the disputed information to Experian after it received notice that Plaintiff was a victim of identity theft.

63. ProCollect violated 15 U.S.C. §1681s-2(a)(3) by failing to report the Folio account as disputed by Plaintiff.

64. Any reasonable investigation by ProCollect would have confirmed the veracity of Plaintiff's disputes, yet ProCollect's erroneous credit reporting of the Folio account persists in Plaintiff's Experian credit report.

65. Had ProCollect taken any meaningful action to investigate Plaintiff's valid disputes, it would have permanently corrected its erroneous credit reporting. Plaintiff provided supporting evidence in her disputes, yet ProCollect repeatedly ignored the supporting evidence and continued its erroneous reporting of the fraudulent Folio account.

66. Further, ProCollect's removal of the Augusta account but continuing validation of the Folio account calls into question the veracity of ProCollect's investigations.

67. By removing one account and not the other, despite Plaintiff advising that both were the result of identity theft, ProCollect exhibits the reckless disregard it has to Plaintiff's disputes.

68. By deviating from the standards established by the credit industry and the FCRA, ProCollect acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian.

8

69. ProCollect has exhibited a pattern of refusing to correct credit reporting errors despite being on notice that its false credit reporting is wreaking havoc on consumers' credit scores, ultimately valuing its own convenience above its grave responsibility to report accurate data to the credit reporting agencies.

70. As set forth above, Plaintiff was significantly harmed by ProCollect's repeated inaccurate credit reporting of the fraudulent ProCollect Accounts.

**WHEREFORE**, Plaintiff, JENNIFER C. WEST, requests that this Honorable Court grant her the following relief:

- A. A finding that ProCollect's conduct as set forth herein violates the FCRA;
- B. An order enjoining ProCollect from reporting the fraudulent ProCollect Accounts on Plaintiff's credit reports;
- C. An award of compensatory damages to Plaintiff to be determined by the jury;
- D. An award of statutory damages of $1,000.00 for each violation of the FCRA;
- E. An award of punitive damages to be determined by the jury;
- F. An award of reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
- G. An award of any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
**(Against Experian)**

71. Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

72. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

73. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

74. At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

75. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

76. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

77. The FCRA requires the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

78. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the disputed information within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

79. Plaintiff provided Experian with all relevant information and documentation in her disputes to support her contention that she was an identity theft victim and that the disputed accounts and inquiries were unauthorized.

80. A cursory review of the evidence submitted by Plaintiff would have confirmed that the disputed accounts were fraudulent and not authorized by Plaintiff.

81. Experian failed to conduct a meaningful investigation into Plaintiff's disputes. Instead, it continued to blindly report the false information provided to it by ProCollect.

82. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished concerning Plaintiff.

83. Experian repeatedly distributed patently false and materially misleading consumer reports concerning Plaintiff to third parties.

84. Experian failed to follow reasonable procedures to assure maximum possible accuracy by repeatedly ignoring the evidence provided by Plaintiff and blindly accepting erroneous information furnished to it by ProCollect as accurate.

85. Had Experian followed reasonable procedures to assure maximum possible accuracy, it would have reviewed the disputes and evidence submitted by Plaintiff and promptly discovered that Plaintiff was an identity theft victim and that the disputed accounts were fraudulent. Instead, Experian repeatedly accepted erroneous information as true and continued the reporting of the erroneous information pertaining to the disputed accounts.

86. Experian should have implemented procedures and safeguards to prevent the repeated reporting of fraudulent accounts.

87. Experian violated 15 U.S.C. §1681i(a)(1) by failing to (1) conduct a reasonable investigation into each of Plaintiff's disputes and (2) delete the fraudulent accounts from Plaintiff's credit files.

88. Had Experian conducted a reasonable investigation into Plaintiff's valid disputes, it would have promptly determined that the disputed accounts were fraudulent.

89. Experian took no meaningful action to determine whether the disputed accounts were fraudulent and blindly reported the same with no regard for the accuracy of its reporting.

90. At very minimum, Experian should have requested that ProCollect provide proof that its reporting was accurate. Instead, Experian continued to recklessly report false and unreliable information regarding the fraudulent accounts.

91. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide adequate notification of Plaintiff's disputes to ProCollect. Upon information and belief, Experian may have failed to forward all relevant information provided by Plaintiff to ProCollect.

92. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the fraudulent accounts.

93. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the fraudulent accounts that were the subject of Plaintiff's disputes after Plaintiff submitted compelling evidence that the disputed accounts were fraudulent.

94. Experian violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the fraudulent accounts. Experian is required to notate each account that a consumer disputes as "disputed" in each consumer report that includes the disputed information.

95. Experian violated 15 U.S.C. §1681c-2(a) by failing to block the information pertaining to the fraudulent accounts within 4 days after Plaintiff notified Experian of the identity theft.

96. Experian violated 15 U.S.C. §1681c-2(b) by failing to promptly notify ProCollect that the disputed information may be a result of identity theft and that a block of the disputed information is mandated by 15 U.S.C. §1681c-2(a).

97. Experian violated 15 U.S.C. §1681c-2(c) by failing to promptly notify Plaintiff within the timeframe prescribed by 15 U.S.C. §1681i(a)(5(B) that Experian has declined to block the disputed information.

98. Experian had actual knowledge that the erroneous reporting of the fraudulent accounts would have a significant adverse effect on Plaintiff's credit worthiness and ability to obtain credit.

99. Despite having actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily distributed Plaintiff's inaccurate and misleading credit reports to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

100. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard of its duty to report accurate and complete consumer credit information.

101. It is Experian's regular business practice to blindly report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

102. Experian's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its mistreatment of Plaintiff.

103. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own convenience above its grave responsibility to report accurate consumer data.

104. As stated above, Plaintiff was significantly harmed by Experian's conduct.

**WHEREFORE**, Plaintiff, JENNIFER C. WEST, requests that this Honorable Court grant her the following relief:

   A. A finding that Experian's conduct as set forth herein violated the FCRA;
   B. An Order enjoining Experian from reporting the fraudulent accounts;
   C. An award of compensatory damages to Plaintiff to be determined by the jury;
   D. An award of statutory damages of $1,000.00 for each violation of the FCRA;
   E. An award of punitive damages to be determined by the jury; and
   F. An award of reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
   G. An award of any other relief as this Honorable Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

| | | |
|---|---|---|
| 1 | DATED: March 29, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | | **JENNIFER C. WEST** |
| 4 | | By: */s/ Marwan R. Daher* |
| 5 | | Sulaiman Law Group, Ltd. |
| 6 | | Marwan R. Daher, Esq. <br> 2500 S. Highland Ave., Ste. 200 |
| 7 | | Lombard, Illinois 60148 <br> Phone: 630-575-8181 |
| 8 | | Fax: 630-575-8188 <br> Email: mdaher@sulaimanlaw.com |